**United States District Court**  Case No. 05-22968-Civ-Cooke/Klein
**Southern District of Florida**
**Miami Division**
**301 North Miami Avenue, Room 150**
**Miami, Florida 33128-7788**

Cc.:Tucker Ronzetti, Esq.
Kozyak Tropin &
Throckmorton, P.A.
2525 Ponce de Leon
9th Floor
Coral Gables, FL 33134

Cc.: Julio Ayala, Esq.
Crew Member
Advocacy Center
169 E. Flagler St.
Suite 1620
Miami, FL 33131

Cc.:David W. Brill, Esq.
Downs Brill Whitehead
55 Miracle Mile
Suite 200
Coral Gables, FL 33134

Cc.: Borcea Class Settlement
Claims Administrator
P.O. Box 9000 #6431
Merrick, NY 11566-9000

## OBJECTION TO PROPOSED SETTLEMENT

1. This notice is to object to the proposed class action settlement in the case of Roxana Maria Borcea, Cipran Ciuraru, Tihomir Danchev, Atul Kanade, individually and on behalf of all others similarly situated, Plaintiffs, vs. Carnival Corporation, d/b/a Carnival Cruise Lines, Inc., Defendant.

2. The notice of pendency of class action, proposed settlement and settlement hearing in the present case provided for an option to object to the proposed settlement. Under the Federal Rules of Civil Procedure 23, the class action cannot be maintained for the following reasons:



3. The questions of law are common to the class members, however the facts vary on a case-by-case basis, which affects the computation of the payments form the settlement found.

4. Many of the class members served on ships under the Carnival Corporation, but operated by other cruise lines such as Holland America Lines (HAL) or others. The members of the class were often transferred between the ships of different operators. Personally, I was transferred from HAL to Carnival Cruise Lines (CCL) in 2003. The class members cannot claim the time worked on board of non-CCL ships to be taken into account under the proposed settlement, despite that the text of the settlement agreement provides for the release and discharge of any claims against Carnival and its parents, subsidiaries, affiliates etc. (see Article 12 of the Class Action Settlement Agreement).

5. The employment on board of non-CCL ships appears to be irrelevant in the present case, therefore the fairness of the settlement is questionable since Carnival Corporation and all of its brands would benefit from the settlement clearly to the detriment of the majority of the class. The two cruise lines, CCL and HAL are separate legal entities, therefore the proposed settlement should not contain such vague provisions that could be interpreted as releasing HAL – and other brands of the Carnival Corporation – from liability for failing to comply with the law.

6. Furthermore, the numerousity of the class should not prejudice the possibility of recovery by individual members of the class. As the Carnival was obliged to conclude separate contracts with the employees, compute and pay the wages and deal with every person individually, it should not be allowed to overlook the individual interests of these people by reasons of their disproportionate bargaining powers. All seamen working on board of Carnival ships rely on and trust the law, that it would protect them in case of disrespect on the side of the clearly better positioned and "stronger" employer. By employing any seaman, the Carnival pledged itself to the observance of the law.

7. It is clearly stated in my contract with CCL that my wages were $15 per day, which appears to be a violation of the law of the flag state (Bahamian law). Considering the provisions of Bahamian and US law I stress that Carnival failed to pay adequate wages for my work. I believe that the purpose of the law is to protect the weaker party, since seamen are

particularly vulnerable to exploitation and abuse. Therefore I kindly ask the Court to enforce the law in the best interest of the class members and any other seaman serving on board of similar cruise ships.

8. It also must be mentioned that my participation in the Fairness Hearing is practically impossible due to financial difficulties, despite my wish to express my opinion concerning the settlement and certain practices of the Carnival. In my opinion the approval of the settlement would further facilitate the possibility of the Carnival to ignore the law, deprive seaman of their special protection and later settle any disputes with considerably smaller costs. The present Court, however, has the possibility and power to make the right decision and put to end the exploitation of several thousands employees.

*9. Therefore I ask the Court to disapprove the proposed settlement, to allow the delivery of a judgment on the merits and thereby give effect to the policy of the legislature of the United States of America to enhance seafarer's protection against arbitrary and unscrupulous acts.*

Personal data and relevant information:

Name: Henri Vinnal

Address: Anni 14-124, Tallinn 13626, Estonia

Mailing address: Mustamae tee 163-29, Tallinn 12913, Estonia

Email: henri.vinnal@mail.ee

Date of birth: 01 August 1977

Carnival Employment ID Number: 6117

Service information (to the extent known):

1. Vessel: M/S Imagination – from 03 May 2003 to 01 November 2003 – position held: casino dealer

2. Vessel: M/S Zaandam – from 08 July 2002 to February 2003 – position held: casino dealer

Objection to proposed settlement												4(4)

Claim Number (at Claim Administrator): 01037303
Control Number of claim form: 0075254272

Hereby I state that I wish to receive compensation form the settlement fund if the settlement is approved by the Court.

I swear under penalty or perjury that the foregoing is true and correct.

Tallinn, Estonia												09 September 2006

_____
Henri Vinnal