05-22968.oa

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 05-22968 -CIV-BROWN

**THIS IS A CONSENT CASE**

ROXANA MARIA BORCEA, et al.,

    Plaintiffs,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

### ORDER RE: NOTICE OF DENIAL OF CLAIM

**This matter** is before this Court on the Notice of Denial of Claim, filed May 12, 2007 (D.E. 95). The Court has considered the motion, the previously filed Notice by defendant (D.E. 82), and all pertinent materials in the file. In addition, a hearing was held on May 2, 2007.

In this Court's prior Order on Attorneys' Fees (D.E. 80), this Court indicated some concerns about the fees sought and reduced the amount agreed to. The Court stated at that time "The Court recognizes that in these types of cases, the traditional hours and hourly rate are not controlling. They certainly are relevant in an overall evaluation of a proper fee to be awarded, however." It is this issue that the Court now, in light of new information, must re-visit.

The facts that give rise to this request - to approve the distribution of an additional $200,000 in attorney's fees are, in pertinent part, as follows. The original motion addressed fees incurred in two cases in the Southern District of Florida. Not discussed in that motion was a similar action in California prosecuted by attorney Farzam. It appears that an agreement was reached, though the

1

terms of same are less than clear, that Mr. Farzam would be paid a fee of $200,000 out of the global settlement of this case in exchange for not pursuing the case in California, and ultimately dismissing same. This was not brought to the Court in the original motion. The parties are in uncontested agreement that Mr. Farzam did considerable work in the California case, and played a significant and instrumental part in the eventual settlement of the case.

After consideration of the written submissions, this court had significant concerns about approving this Stipulation and they were obviously manifested in the particulars set forth in the Notice of Hearing on this matter. At the hearing, new information was brought to the Court that substantially allayed the concerns indicated. Important factors revealed at the hearing (in addition to the amount of work done by Mr. Farzam) that had a bearing on this decision were: (1) if approved, this fee would come in part from the class settlement dollars and in part from the reverter[1]; and (2) since there was only about a 25% response from class members, they were receiving a significant "windfall" anyway which would only be diminished slightly.

In the original order this Court noted the amount of work done, and when totaling the hourly rate and hours claimed, indicated that even with the reduction ordered, there would still be a multiplier in excess of 2.0, disagreeing with counsel's calculations. This new information reduces that number into the 1.5 range. Additionally, authority was cited for the awarding of said fees even though it involved work done outside this case. See, generally Wininger v. SI Management L.P., 301 F. 3d 1115, 1120 (9th Cir. 2002).

Therefore, for the reasons stated herein, and the Court being otherwise fully advised in the premises,

---

[1] The parties had an agreement that an "unused" portion of the settlement fund would be returned to the defendant.

it is hereby **ORDERED AND ADJUDGED** that said Stipulation be and the same is hereby **APPROVED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of May, 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record